IN THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GEORGE NATHANSEN**,

    Plaintiff,

vs.

**BILLY WOODS**, as **SHERIFF**,
**MARION COUNTY, FLORIDA**,
in his official capacity, and **NEIL ROSACI**,
Marion County Deputy Sheriff,
in his individual capacity,

    Defendants.
_____/

Case No:
Division:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **GEORGE NATHANSEN**, by and through the undersigned attorneys, sues Defendants, **BILLY WOODS**, as **SHERIFF, MARION COUNTY, FLORIDA**, in his official capacity, and **NEIL ROASACI**, Former Marion County Deputy Sheriff, in his individual capacity, and hereby alleges as follows:

### INTRODUCTION

1. This is an action for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unlawful arrest. Plaintiff seeks damages, as well as attorney's fees and costs.

1

2. This action is brought by Plaintiff, a citizen of the United States, who was the victim of a willful and purposeful false arrest without probable cause, justification or excuse and which was made for malicious purposes only.

## JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. §§ 1983 & 1988. Jurisdiction is founded on 28 U.S.C. §§ 1331 & 1343.

4. All incidents material to this action occurred in Marion County, Florida, and both Defendants reside in Marion County. Venue is therefore proper in the Ocala Division of the Middle District of Florida pursuant to 28 U.S.C. § 1319(b), and Local Rule 1.02(b)(4).

## PARTIES

5. Plaintiff, George Nathansen, is an adult citizen of the United States and is currently a resident of Dunnelon, Marion County, Florida, and was a resident of Marion County, Florida during all relevant times of this action.

6. Defendant, Billy Woods, (the "Sheriff") is and at all times relevant was the Sheriff of Marion County, Florida, and is sued in his official capacity only.

7. At all times relevant, the Marion County Sheriff's Office ("MCSO") was a police department operated wholly by Marion County, and

Defendant Neil Rosaci, ("NR"), was a natural person and a duly-appointed police officer and deputy employed by said Marion County Sheriff's Office. NR is sued in his individual capacity only.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about July 24, 2021, Plaintiff was present on a public sidewalk of Dunnelon, FL when he observed a traffic accident and the parties involved in said accident engaged in an altercation at 20540 East Pennsylvania Avenue.

9. Plaintiff, observing the altercation and later a Marion County Sheriff arriving to assist with the altercation, and exercising his first amendment right to film in a public area began filming the altercation and police interaction from a public sidewalk.

10. At all times, Plaintiff was on a public sidewalk and did not walk into or onto private property.

11. Plaintiff, who has a disability that inhibits his ability to communicate, and has a had a history of being misunderstood by police and others when trying to communicate because of his disability, placed a sign around his neck with clear information that his disability may prevent him from being heard or understood if he spoke.

12. Defendant NR, investigating the automobile accident, observed Plaintiff and began shouting orders at him to leave the scene despite Plaintiff being on public property.

13. Plaintiff, being on public property and fully within his rights to record and be present, continued to record the situation and and did not leave the public sidewalk.

14. Defendant NR, becoming visibly and increasingly agitated shouted further commands at Plaintiff to move farther back from the investigation claiming that he was interfering with the investigation.

15. Plaintiff complied and backed away from the scene, remaining on the public sidewalk, but continued to record from around 50 feet away.

16. After several minutes, Plaintiff moved slightly closer to the scene to continue to record, remaining on the public sidewalk, and still many yards away.

17. Defendant NR, then immediately charged towards Plaintiff, gripped him by the arm and dragged him to Defendant's patrol car, and slammed him aggressively onto the vehicle, twisting Plaintiff's arm.

18. Plaintiff, who is physically unable to speak at a regular volume tried to protest to the arrest and explain his right to record in this manner, was then forced into the patrol car by Defendant NR and arrested for a

4

violation of statute 843.02, or felony obstruction of justice without violence.

19. Plaintiff was incarcerated in the Marion County Jail until he was able to make bail.

20. Plaintiff hired a lawyer and fought the charges against him, and ultimately, all charges against him were dropped because it was discovered after reviews of both Plaintiff's personal video of the incident and Defendant's bodycam footage, that no evidence existed to suggest that Plaintiff actually obstructed with Defendant's investigation, or the law in any manner.

21. Plaintiff, after the incident, further sought medical treatment for his shoulder which he had begun to experience significant pain in. Plaintiff, by diagnosis of a doctor, discovered that Defendant NR had in fact fractured his shoulder during the process of arresting him, causing significant damage and nearly a year of required recovery time.

22. Therefore Defendant NR, and by extension Defendant Woods, violated Plaintiff's constitutional rights and unlawfully and unjustly injured Plaintiff by arresting him without proper cause, and brutally battering Plaintiff.

## COUNT I - 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT NR

23. Plaintiff realleges paragraphs 1 through 22, supra.

24. Defendant NR, by his actions alleged above, in arresting Plaintiff knowingly without justification and probable cause and based upon false and fabricate evidence, lies, manipulation and deception, effected an unreasonable seizure and arrest of Plaintiff, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and same is actionable under 42 U.S.C. § 1983.

25. As a result of Defendant NR's intentionally and maliciously falsely-procured arrest of Plaintiff, Plaintiff has suffered and continues to suffer psychological injuries consisting of mental pain and anguish, humiliation, shame, and public ridicule, as well as suffered inconvenience, discomfort, and financial expense, as well as physical injuries related to Defendant's arrest of Plaintiff.  Included herein are the damages related to him being incarcerated for a period of time before the charges were dismissed against him; physical damages and medical costs of treating them,  his loss of his job, income, and revenue while so incarcerated; and the damage to his reputation, because in real life if you are arrested and in jail for a period of time people think less of you, even if you are innocent.

26.     Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee, and is entitled to collect that fee from Defendant pursuant to in 42 U.S.C. § 1988 if he is the prevailing party. A reasonable fee for the undersigned considering the nature of this case and his experience is no less than $475 per hour.

**WHEREFORE,** Plaintiff demands judgment against Defendant NR for compensatory damages, punitive damages, court costs, attorneys fees, and all other relief the Court finds just and proper.

## COUNT II - 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT SHERIFF WOODS

27.     Plaintiff realleges paragraphs 1 through 22, supra.

28.     Defendant Sheriff lacked or utilized policies, customs and practices which lead to the constitutional violations outlined in this complaint, and caused Plaintiff's injuries, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and same is actionable under 42 U.S.C. § 1983 as a result of lacking or utilizing those policies customs and practices.

29.     As a result of Defendant Sheriff's improper policies, customs, and/or practices, and failure to supervise and train and discipline, Plaintiff has suffered and continues to suffer psychological injuries consisting of mental pain and anguish, humiliation, shame, and public ridicule, as

well as suffered inconvenience, discomfort, and financial expense and physical pain and injury. Included herein are the damages related to him being incarcerated for a lengthy period of time before the charges were dismissed against him; his loss of his job, income, and revenue while so incarcerated; and the damage to his reputation, because in real life if you are arrested and in jail for a period of time people think less of you, even if you are innocent.

30. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee, and is entitled to collect that fee from Defendant pursuant to in 42 U.S.C. § 1988 if he is the prevailing party. A reasonable fee for the undersigned considering the nature of this case and his experience is no less than $475 per hour.

**WHEREFORE**, Plaintiff demands judgment against Defendant Sheriff for compensatory damages, court costs, attorneys fees, and all other relief the Court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters so triable.

                                                  **ALL FLORIDA JUSTICE, LLC**
                                                  Law Office of Don Pinaud

                                                  Donald E. Pinaud, Jr.

                Lead Trial Counsel
                Fla. Bar No.: 111694
                4530 St. Johns Avenue Suite 15-202
                Jacksonville, Florida 32210
                (904)552-5500
                AllFloridaJustice.com
                Don@AllFloridaJustice.com
                Attorneys for Plaintiff